IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV113-MU-02

| | |
|---|---|
| JAMES FRANKLIN McCLELLAND, )<br>    Plaintiff, )<br>                           )<br>   v.                     )<br>                           )<br>JOSEPH HARRIS, Prison Guard at)<br>  Alexander Correctional In- )<br>  stitution; et al., )<br>    Defendants. ) | **O R D E R** |

    **THIS MATTER** comes before the Court on initial review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed October 17, 2007. For the reasons stated herein, the instant Complaint will be <u>denied</u> and <u>dismissed</u>.

    Briefly, the plaintiff alleges that on June 13, 2004, he was brutally assaulted by a fellow inmate at the Alexander Correctional Institution; that defendants Joseph Harris and "Mikeal" Bush–both employed as "guards" at that Facility--stood nearby during the assault, and did not attempt to stop it; and that he suffered serious injuries from the attack. By way of relief, the plaintiff is seeking one million dollars in damages from the defendants. Notwithstanding his belief to the contrary, the instant Complaint cannot proceed.

    Indeed, the Court notes that there is no federal statute of limitations for actions brought under Section 1983; therefore,

this Court must apply the most analogous state statute of limitations. For statute of limitations purposes, actions brought under 42 U.S.C. §1983 typically are construed as personal injury actions. See Wilson v. Garcia, 471 U.S. 261 (1985). In this instance, the Court finds that the statute relating to trespass by a public officer under color of law, and the one relating to assault and battery are analogous to plaintiff's claims. See N.C.Gen.Stat. §§1-52(13 and 1-52(19), respectively.

Under either provision, however, the limitations period for this type of claim is three years. That is, each of the foregoing statutory provisions requires that a personal injury action be commenced within three years of the date upon which the claim allegedly arose. National Advertising Co., 947 F.2d 1158, 1161-62 (4th Cir. 1991).

Here, it is clear from the plaintiff's Complaint that the actions upon which he is basing his lawsuit took place on June 13, 2004, that is, more that three years and four months ago. Hence, because more than three calendar years have lapsed between the time that the subject acts allegedly occurred and the time that plaintiff filed this lawsuit, his claim is untimely and must be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's Complaint is **DISMISSED** in its entirety.

**SO ORDERED.**

Signed: October 23, 2007

Graham C. Mullen
United States District Judge